NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3252

_____

UNITED STATES OF AMERICA

v.

GILROY D. ELCOCK,
                                    Appellant

_____

On Appeal from the District Court
of the Virgin Islands
District Court No. 1-17-cr-00005-001
District Judge:  The Honorable Wilma A. Lewis

_____

Submitted under Third Circuit L.A.R. 34.1(a)
December 7, 2020

Before: SMITH, *Chief Judge*, CHAGARES, and MATEY, *Circuit Judges*

(Filed April 1, 2021)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge.*

A jury found Gilroy D. Elcock guilty of several federal child pornography charges and two territorial counts of rape in the first degree. *See* 18 U.S.C. §§ 2251(a) and 2252(a)(4)(B); 14 V.I.C. § 1700(a). Elcock challenges the District Court's denial of two separate motions to suppress evidence obtained from his cellular telephone.[1] We will affirm.

Elcock engaged in sexually explicit conduct with the two minor daughters, ages 12 and 16, of his significant other, with whom he lived. He recorded video of that activity using a cellular telephone. The girls' mother suspected Elcock of inappropriate behavior and demanded that he move out of the home. After learning that Elcock had a sex video of one of her daughters on his cellular telephone, she reported him to the Virgin Islands Police Department (VIPD).

The VIPD asked Elcock to accompany them to the police station and to bring his cellular telephone and iPad. He complied, and the VIPD recorded an interview with Elcock. As captured by the recording, and after the VIPD advised Elcock of his Constitutional rights, Elcock affirmed that he understood those rights. The "officers asked for consent [to search his devices] only once, and it was immediately given." SA49. Indeed, the Court noted that Elcock "offer[ed] his assistance" as the officers tried to manipulate his devices, informing the officers there was "no password on his phone" and providing them with the "password to his iPad." SA43 n.3. The officers then provided

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612(a) and (c). We exercise jurisdiction under 28 U.S.C. § 1291.

2

Elcock with a consent form, which he signed, that authorized a search of Elcock's cellular telephone "by members of the [VIPD], Government of the Virgin Islands." SA43.

The VIPD search of Elcock's cellular telephone did not yield any unlawful videos. Pursuant to their usual practice, the VIPD arranged for the Department of Homeland Security (DHS) to search Elcock's cellular telephone. The DHS also did not find anything incriminating. But about 22 months later, the DHS again searched the device. This time, using an updated encryption software, the DHS found seven videos showing Elcock engaged in sexual conduct with the two minor daughters.

Elcock was charged with multiple counts of producing and possessing child pornography in violation of federal law, and rape under territorial law. *United States v. Elcock*, No. 1:16-cr-27, ECF No. 1 (D.V.I. Nov. 1, 2016). At the arraignment, the Magistrate Judge set various deadlines, including the filing date of December 26, 2016, for pretrial motions. *Id.* at ECF No. 26. After the deadline, but before trial, Elcock filed a motion in limine, seeking to preclude the admission of the sex videos found on his cellular telephone. Elcock asserted that his consent to search the cellular telephone was involuntary. Alternatively, he submitted that the sex videos should be excluded because his consent was limited to the VIPD as set forth on the consent form and that consent did not extend to the DHS. *Id.* at ECF Nos. 37, 38. The District Court considered the motion *in limine* as an untimely motion to suppress, which necessitated continuing the trial to allow for briefing, a hearing and adjudication. *Id.* at ECF No. 41.

In the meantime, a grand jury returned a separate indictment against Elcock, charging him with six federal counts of producing child pornography and one federal count

3

of possessing child pornography. The indictment included several territorial counts of rape. *See United States v. Elcock*, No. 1:17-CR-5, ECF No. 1 (D.V.I. Feb. 1, 2017). In light of that development, the District Court granted the prosecutor's motion to dismiss the information in the 2016 criminal proceeding. During Elcock's initial appearance in the 2017 criminal proceeding, the Magistrate Judge set February 21, 2017, as the deadline for pretrial motions. Elcock filed a timely pretrial motion to suppress. This pretrial motion presented the very same arguments: that Elcock's consent to the search was involuntary and, even if voluntary, the consent given to the VIPD did not extend to the DHS.

After a hearing and after consideration of the VIPD video of Elcock's interview, Chief Judge Lewis concluded that nothing in the video suggested that Elcock's consent was involuntary. As to the scope of consent, Judge Lewis concluded that a "reasonable person would not have understood his consent to be limited to members of the VIPD based on the exchange between [Elcock] and the officers at the time [Elcock] gave his verbal consent." SA52. She further found that his consent was unaffected by "any language on the consent form—which he apparently had yet to see." *Id.* Finally, she declared that Elcock's "consent eliminated his expectation of privacy in his electronic devices," thereby rendering DHS's actions a valid search. *Id.*

Trial commenced on August 21, 2017. On the second day of trial, the prosecution presented a witness, Dennis Carter, who worked for DHS and who had performed the agency's second search of Elcock's cellular telephone. During Carter's direct examination, Elcock's counsel objected to Carter's testimony, arguing that, without a warrant, the search was unreasonable under the Fourth Amendment because Elcock's

4

initial consent did not authorize the second DHS search of his electronic devices 22 months later.[2]  The Court noted that counsel had not raised this issue previously.  In response, defense counsel acknowledged that this was a new issue, and that she had "[d]efinitely" been aware at the time of the filing of the initial pretrial motion to suppress in February 2017 that there had been two searches conducted, one in 2014 and then one in 2016.  JA144.

Chief Judge Lewis expressed her concern that this new basis for suppression had not been raised until "the middle of trial."  JA149.  Defense counsel acknowledged that this trial motion was "somewhat late."  JA155.  After hearing additional argument and citing the untimeliness of the trial motion, the District Court found "no good cause" for the delay.  She thereby denied the motion and the trial proceeded.  JA166.

The following day, defense counsel sought reconsideration of the denial of Elcock's untimely trial motion to suppress.  The Court denied reconsideration.  The jury found Elcock guilty of the federal child pornography offenses and the territorial charges of rape in the first degree.  This timely appeal followed.

Elcock raises three issues on appeal.  He contends that the District Court erred by: (1) denying his February 2017 pretrial motion to suppress seeking to limit the scope of his consent to the VIPD; (2) denying as untimely the trial motion to suppress; and (3) failing

---

[2] We refer to this oral motion to suppress as the "trial motion" to distinguish it from the pretrial suppression motion filed in February 2017 and denied by the District Court in May 2017.

to grant the trial motion to suppress because the second DHS search, conducted more than 20 months after consent had been given, was unreasonable under the Fourth Amendment.

In reviewing the denial of a motion to suppress, we apply clear error review to the District Court's factual findings and "exercise plenary review as to its legality in the light of the court's properly found facts." *United States v. Davis*, 726 F.3d 434, 439 (3d Cir. 2013) (omitting internal quotation marks and citation). Elcock's contention that the District Court erred in denying his pretrial motion to suppress lacks merit. The District Court identified the applicable law in evaluating the scope of Elcock's consent to search. *See Florida v. Jimeno*, 500 U.S. 248, 249 (1991). Given the District Judge's findings of fact, which were thorough, we see no error in her determination that "[a] reasonable person would not have understood [Elcock's verbal] consent to be limited to members of the VIPD." SA52.

As to the trial motion to suppress, Elcock argues that the motion was timely under Federal Rule of Criminal Procedure 12(c)(1). Rule 12(c)(1) provides that the "court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions . . . If the court does not set one, the deadline is the start of the trial." Fed. R. Crim. P. 12(c)(1). According to Elcock, because "[n]o written scheduling order was issued in this case. . . the deadline for filing of pretrial motions was the start of the trial." Appellant's Br. 16. In his view, "the August 22, 2017 [Trial] Motion to Suppress was timely made at the start of the trial." Appellant's Br. 17.

There are several problems with Elcock's arguments. First, a deadline was indeed issued. The docket in the 2017 criminal proceeding memorializes that the Magistrate Judge

6

set February 21, 2017, as the deadline for pretrial motions. *United States v. Elcock*, No. 1:17-cr-5, ECF No. 5 (D.V.I. Feb. 2, 2017). Second, to the extent Elcock contends that the schedule must appear in a written order, he is wrong. The text of Rule 12(c)(1) does not mandate a written schedule. Rather, it simply contemplates that a "court may . . . set a deadline." Fed. R. Crim. P. 12(c)(1). As the Eleventh Circuit has succinctly stated: "Oral orders are just as binding on litigants as written orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 n.7 (11th Cir. 1993). Third, even if a scheduling order had not been in place, Elcock did not make his trial motion at "the start of the trial." Fed. R. Crim. P. 12(c)(1). The trial started on August 21 with the selection of a jury. On August 22, the parties presented their opening statements and three witnesses testified before Dennis Carter took the stand, prompting Elcock to raise his belated motion to suppress. Given this chronology, there is no merit to Elcock's assertion that his trial motion complied with Rule 12(c)(1)'s deadline for suppression motions at "the start of trial." The District Court did not err in denying, as untimely, Elcock's trial motion to suppress. Indeed, we commend the District Judge for her careful handling of the trial motion and her consideration under Rule 12(c)(3) of whether Elcock had demonstrated "good cause" for the delay in presenting the trial motion. And, notably, Elcock does not contend that the District Court erred by finding "no good cause." JA166.

In sum, we will affirm the judgment of the District Court.